IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 15-32928-WRS |
| UNITED PLASTIC RECYCLING, INC., | § § § § | |
| Debtor and Debtor-in-Possession. | § § § | Chapter 11 |

| | | |
|---|---|---|
| UNITED PLASTIC RECYCLING, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Proc. No. |
| AMERICYCLE, INC., | § § § | |
| Defendant. | § § | |

## COMPLAINT

COMES NOW, United Plastic Recycling, Inc. ("United") and files this Complaint (the "Complaint") against Americycle, Inc. (the "Defendant") to recover amounts it received from United. In support of the Complaint, United states the following:

## INTRODUCTION

1. United operated in the scrap plastic business, buying and selling scrap plastic, with the intention of generating small plastic pellets to be made into plastic pipe, among other things.

2. Due to financial issues and forces outside its control, United's relationship with its primary lenders became strained.

3. In addition to the financial issues and souring relationship with the primary lenders, John Sullivan, the 75% owner of United, took his own life.

4. United filed a petition for an order for an order of relief under Chapter 11 of the United States Bankruptcy Code, October 16, 2015 (the "Petition Date," thus creating the "Bankruptcy Estate").

5. The Bankruptcy Estate is still pending and is identified by Case Number 15-32928.

6. Prior to creating the Bankruptcy Estate, United struggled to pay its bills and struggled to pay its shippers, suppliers, vendors, and other creditors (the "Third Parties").

7. Some Third Parties would receive payments and others would not.

8. This Complaint seeks to avoid and recover payments made by United to the Defendant (and any other person or entity for whose benefit the transfers were made, including mediate and immediate transferees) during ninety (90) days prior to the creation of the Bankruptcy Estate.

**PARTIES**

9. United is an Alabama corporation that previously operated in the plastic recycling business, as discussed above. On January 6, 2017, United sold substantially all its assets to JET Polymer Recycling, Inc. ("JET"). In its current state, United is no longer operational.

10. Defendant is a corporation formed under the laws of the State of Alabama.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC §§ 157 and 1334(b).

12. Venue in the Middle District of Alabama, Northern Division is proper pursuant to 28 USC § 1409(b).

13. This adversary proceeding is a core proceeding pursuant to 28 USC § 157(b)(2).

## FACTUAL BACKGROUND

14. As previously referenced, prior to the sale of substantially all its assets to JET, United operated in the scrap plastic business, buying and selling scrap plastic, with the intention of generating small plastic pellets.

15. Due to the debts owed to the primary lenders and the lack of value in the scrap plastic inventory, United was deemed insolvent at all times material incident to this Complaint.

16. On or within ninety (90) days prior to the Debtor's bankruptcy filing, the Defendant received funds or transfers on the behalf of antecedent debts totaling not less than $15,832.20 (the "Avoidable Transfers").

## COUNT I:
## RECOVERY OF AVOIDABLE PREFERENCE PAYMENTS
## (11 USC § 547)

17. United repeats and re-alleges the allegations referenced in paragraphs 1-16 as if set forth herein.

18. Avoidable Transfers on the behalf of antecedent debts during ninety (90) days prior to the Petition Date constitute avoidable preference transfers pursuant to 11 USC § 547.

19. The Avoidable Transfers were made to or for the benefit of the Defendant, pursuant to 11 USC § 547(b)(1).

20. The Avoidable Transfers were made for or on account of an antecedent debt owed by United before such transfer was made, pursuant to 11 USC § 547(b)(2).

21. The Avoidable Transfers were made while United was insolvent, pursuant to 11 USC § 547(b)(3).

22. The Avoidable Transfers were made on or within 90 days before the date of the filing of the petition, pursuant to 11 USC § 547(b)(4).

23. The Avoidable Transfers enabled the Defendant to receive more than such creditor would receive if (a) the case were a case under chapter 7 of this title; (b) the transfer had not been made; and (c) such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code, pursuant to 11 USC § 547(b)(5).

24. Due to the foregoing, the Avoidable Transfers constitute preference payments that should be returned to the estate of United.

**NOW THEREFORE**, United respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendant:

a. declaring the Avoidable Transfers to the Defendant (plus any mediate or immediate transferees as discovery may reveal) be immediately returned to the estate of United, pursuant to 11 USC § 547;

b. awarding judgment against the Defendant in an amount equal to the Avoidable Transfers, filing fees, and professional fees to bring this Complaint; and

c. awarding United such other and further relief as may be just and proper.

Respectfully submitted this the 20th day of June, 2017.

                                                Memory & Day

                                    By:    /S/ Stuart H. Memory
                                               Stuart H. Memory
                                               ASB-2214-Y36V
                                               Attorney for United Plastic Recycling, Inc.

<u>Document Prepared By</u>:
Stuart H. Memory

Memory & Day
PO Box 4054
Montgomery, Alabama 36103-4054
(334) 834-8000
smemory@memorylegal.com